# The People of the State of Illinois ex rel. Samuel P. Thrasher, Appellee, v. Jacob Eisenberg, Appellant.

## Gen. No. 22,662.

1. INJUNCTION, § 195*—*when bill to enjoin disorderly house sufficient.* In a bill brought under the Act of 1915 sec. 2 [Cal. Ill. St. Supp. 1916 ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., an injunction may be granted restraining such use of the place on the filing of a verified bill containing sufficient allegations, and without the filing of a petition for the injunction, which is only necessary where the bill is not verified or does not contain sufficient allegations, the Legislature not intending that the practice and procedure under the section should be different from that in other chancery cases.

2. INJUNCTION, § 162*—*when bill insufficient to justify injunction without notice.* In a bill brought under the Act of 1915, sec. 2 [Cal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ill. St. Supp. 1916, ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., allegations of the bill *held* insufficient to warrant the court in granting an injunction without notice under the Injunctions Act, sec. 3 (J. & A. ¶ 6183), providing that no injunction shall be issued without notice unless it shall appear, from the bill or affidavit accompanying it, that complainant's rights will be unduly prejudiced if not issued without notice.

3. INJUNCTION, § 164*—*when granting of preliminary injunction without notice erroneous.* It is error to issue a preliminary injunction under the Act of 1915, sec. 2 [Cal. Ill. St. Supp. 1916, ¶ 3591 (3) ], to restrain the use of places alleged to be kept for the purpose of lewdness without giving defendant opportunity to show that he in good faith attempted to abate the nuisance, or that no nuisance existed, since section 5 of the Act [Cal. Ill. St. Supp. 1916, ¶ 3591 (6) ] provides that no such injunction shall issue against such property or its owner if it appear that such owner in good faith attempted to prevent or abate the nuisance.

4. EQUITY, § 489*—*when relief contrary to special prayer granted under general prayer.* Although formerly it was a rule of equity pleading that to obtain special relief a special prayer was necessary, the rule is now relaxed so that where the bill and proof in support thereof will entitle complainant to relief it may be granted under the prayer for general relief, although contrary to the special prayer.

5. INJUNCTION, § 159*—*when preliminary injunction granted on prayer for perpetual injunction.* In a bill brought under the Act of 1915, sec. 2 [Cal. Ill. St. Supp. 1916, ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., a preliminary injunction may issue under a prayer for a perpetual injunction, although there is no prayer for a preliminary injunction.

6. INJUNCTION, § 174*—*who not necessary parties defendant to bill to enjoin disorderly house.* In a bill brought under the Act of 1915, sec. 2 [Cal. Ill. St. Supp. 1916, ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., an order granting a preliminary injunction is not erroneous because the lessees of the property in question are not served with summons, since it is not a prerequisite to the issuance of such an injunction that all the defendants be served with summons.

7. INJUNCTION, § 159*—*when insufficiency of petition to enjoin disorderly house immaterial.* In a bill brought under the Act of 1915, sec. 2 [Cal. Ill. St. Supp 1916, ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., the fact that a petition for a preliminary injunction is not sufficiently verified is immaterial where the verification of the bill is sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. INJUNCTION, § 177*—*when bill to enjoin disorderly house sufficiently describes premises.* In a bill brought under the Act of 1915, sec. 2 [Cal. Ill. St. Supp. ¶ 3591(3)], relating to the suppression of places kept for the purpose of lewdness, etc., *held* that the premises in question were sufficiently described in the bill.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court. Reversed and remanded. Opinion filed November 15, 1916. Petition for *certiorari* dismissed.

BRADY, RUTLEDGE & DEVANEY, for appellant; JAMES A. BRADY, of counsel.

SIMS, WELCH & GODMAN, for appellee; ELWOOD G. GODMAN, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from an interlocutory order entered by the Circuit Court of Cook county, enjoining the defendant, Jacob Eisenberg, and the tenants, occupants and all other persons having in any way to do with the control and management of the premises known as No. 32 West 20th street and No. 1932 Archer avenue, Chicago, from permitting such premises to be used for purposes of lewdness, assignation and prostitution. The proceedings were instituted under the provisions of an act entitled, "An act regarding places used for purposes of lewdness, assignation, or prostitution, to declare the same to be public nuisances, and to provide for the more effectual suppression thereof." [Laws of 1915, p. 371, Cal. Ill. St. Supp. 1916, ¶ 3591(2) *et seq.*]

On August 19, 1916, a bill in equity was filed upon the relation of Samuel P. Thrasher, a private citizen of Cook county, under the authority of section 2 of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Act. In the same proceeding and at the same time a petition was filed by the same party.

The material allegations of the bill are that Eisenberg is the owner of record of the property; that since June 21, 1916, and for many years prior thereto, the buildings located thereon have been continuously used and permitted to be used by Eisenberg, the lessees, tenants and occupants, for purposes of lewdness, assignation and prostitution, in violation of the act; that on June 28th and on July 12, 1916, the relator wrote and mailed a letter to Eisenberg, wherein it was stated that the premises were being used in violation of the act; that on August 3, 1916, a written notice was personally served on Eisenberg notifying him that on June 21st and on July 28th, and on divers days between said dates, and for a long time prior thereto, the premises had been used contrary to and in violation of the provisions of the act; that the notice called particular attention to section 2 of the Act, which provides that no proceedings could be instituted to abate the nuisance until five days after the service of the notice; and informed Eisenberg that if he did not abate the nuisance within a reasonable time after the expiration of the five days, proceedings would be instituted in a court of equity to abate the nuisance; that Eisenberg had failed to abate the nuisance, and that the buildings have since been used in violation of the act. The bill prayed that Eisenberg, and the lessees and occupants of the premises, whose names are unknown, be made parties defendant, and that they be perpetually enjoined and restrained from maintaining or permitting such nuisance.

The petition contained substantially the same allegations as the bill, but they were not set forth with as much particularity. The bill and petition were both verified. On August 22, 1916, without notice to the defendant, the injunctional order complained of was entered.

Counsel for appellee contends that under the act two distinct remedies are given: (1) a perpetual injunction of which a bill in equity is the basis, and (2) a temporary injunction based upon a petition. This contention is concurred in by the appellant. However, we are unable to agree with this construction of the act. Without entering into an analysis of section 2, we are clearly of the opinion that upon the filing of a bill which contains sufficient allegations and is properly verified a preliminary injunction may be obtained, and that no petition need be filed. It is only where the bill is not verified or does not contain sufficient allegations that a petition is necessary. From a careful reading of the section, we think that the Legislature did not intend that the practice and procedure under this section should be different from that followed in other chancery cases.

Counsel for defendant Eisenberg contends that the order was erroneously entered in that no notice was given him of the time and place of the application for the injunction, and that there is no sufficient allegation in the bill or petition that the rights of complainant would be unduly prejudiced if the injunction was not issued without such notice. On the other hand, the relator contends that under the act in question, no notice is required, and that if such notice were required the allegations are sufficient to show that the rights of the relator would be unduly prejudiced if notice were given.

Section 3, chapter 69, Rev. St. (J. & A. ¶ 6163), provides that no injunction shall issue, "without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice." The policy of the law is

that no one shall be deprived of any substantial right even temporarily without first being heard in his own defense. *Swanson v. Fisher*, 148 Ill. App. 104. We are clearly of the opinion that the allegations of the bill are not sufficient to authorize the court to issue the injunction without notice.

Furthermore, section 5 of the Act [Cal. Ill. St. Supp. 1916, ¶ 3591 (6)] provides that after the owner of the premises has been notified as required by section 2, no injunction shall issue against the property or the owner, if it appear that the owner has in good faith endeavored to prevent or abate the nuisance. In the case at bar the defendant was given no opportunity to show, if he could, that he had in good faith attempted to abate the nuisance; or to show, if he could, that no such nuisance existed.

Defendant next contends that the order for the injunction was erroneously entered in that neither the bill nor the petition contains a prayer for a temporary injunction. Relator's position is that as he was entitled only to a permanent injunction under the bill, no prayer for a temporary injunction was necessary; that the only relief he could obtain under the petition was a temporary injunction, and therefore the prayer for a temporary injunction in the petition was unnecessary. It was formerly an elementary rule of pleading that where special relief was sought, a special prayer was necessary. In modern times, however, the rule has been relaxed, and it is now held that where the allegations of the bill and the proof in support thereof entitle the complainant to relief, it may be granted under the prayer for general relief, even if contrary to the special prayer. *Casstevens v. Casstevens*, 227 Ill. 547. A prayer for an injunction, although not for a temporary injunction, will sustain the issuance of a preliminary injunction. *Shipley v. Western Maryland Tidewater R. Co.*, 99 Md. 115. In the case at bar, a

preliminary injunction may issue, although there is no prayer for such injunction, under the prayer in the bill for a perpetual injunction.

The defendant next contends that the lessee is not made a party as required by the act. The bill does make the lessee a party defendant, and the question whether the lessees are properly in court is not before us on this appeal. They are not here making any objection, and it is not a prerequisite to the issuance of a preliminary injunction that all the defendants are served with summons.

Objection is also made to the verification of the petition. In our opinion the verification of the petition is not sufficient, but as the verification of the bill is, the defect is immaterial.

The objection that the notice served on the defendant did not sufficiently describe the premises is without merit.

For the error in failing to give notice of the time and place of the application for the injunction, the order is reversed and the cause remanded.

*Reversed and remanded.*