(No. 12544.—Judgment affirmed.)

THE PEOPLE *ex rel.* Harry Butler *et al.* Defendants in Error, *vs.* BEE KING, Plaintiff in Error.

*Opinion filed October 27, 1919.*

1. HOUSES OF ILL-FAME—*keeper of house of prostitution may be enjoined from maintaining such house within jurisdiction of court.* Under the act providing that houses of prostitution shall be declared nuisances and that the owners and the keepers of them may be enjoined from maintaining such houses, the keeper of the house may be enjoined perpetually from committing any other such nuisance within jurisdiction of the court. (Hurd's Stat. 1917, pp. 2022-24.)

2. SAME—*meaning of word "defendant," in sections 2 and 5 of act for enjoining keeping of houses of prostitution.* In sections 2 and 5 of the act for enjoining as nuisances the keeping of houses of prostitution, the word "defendant," in the provisions for perpetually restraining the defendant from maintaining such nuisance within the jurisdiction of the court, refers to the lessee or the party who is directly conducting the nuisance.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

D. J. SAMMON, for plaintiff in error.

O'CONNELL & DOLAN, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

A bill was filed in the circuit court of McLean county on behalf of the People, alleging that the plaintiff in error, Bee King, was maintaining a house of prostitution, lewdness and assignation in the premises known as 509 South Gridley street, in Bloomington, and that James C. Norman, the owner of the premises, had knowledge of and consented to such use of the property. Both parties were served with summons but made no appearance and were defaulted. A

decree was entered ordering the nuisance abated and commanding the sheriff to seize the property and hold the same for a period of one year. The decree provided, also, "that the defendant Bee King be perpetually enjoined from maintaining any such nuisance within the jurisdiction of this court." Afterwards, on August 30, 1917, a petition for citation was filed in said court averring that the plaintiff in error had violated that part of the injunction above set forth in quotation marks, in that she was maintaining a house of prostitution at 416 North Main street, in said city. After hearing the evidence in support of the petition the court found her guilty of contempt in violating the injunction aforesaid and sentenced her to ninety days in jail. On appeal to the Appellate Court for the Third District the decree was affirmed. The cause comes to this court on *certiorari*.

The evidence clearly proves the violation of the injunction issued in the original decree. It is to the effect that since on or before June 15, 1917, since the rendering of the decree in the original injunction suit in which plaintiff in error was made a party defendant as lessee, she has been occupying the second and third floors of the building known as 416 North Main street, in Bloomington; that during the period of such occupancy she has used the premises, and allowed others to use the place, for lewdness, assignation and prostitution; that she is a public prostitute and keeps in her house and in her charge various girls for the purpose of prostitution; that a large number of men visit her place, both day and night; that at night obscene, vulgar and profane language is frequently used in and about the place; that large quantities of liquor are regularly delivered at the place, and that the same is now a house of prostitution and has the reputation of being a sporting house. There is no evidence that she violated the injunction with respect to the property located at 509 South Gridley street,

and no contention that she did violate the injunction in that particular.

Plaintiff in error contends that there is no evidence in the record authorizing the court to adjudge her in contempt; that the court had no jurisdiction over the person of plaintiff in error in the original injunction suit to enjoin her from committing or carrying on a public nuisance at any other place except the one named in the original suit, and that the court was without jurisdiction to punish her for contempt because of her conducting and carrying on a nuisance at 416 North Main street, in Bloomington.

Sections 1, 2 and 5 of the act under which the injunction suit was brought (Hurd's Stat. 1917, pp. 2022-2024,) provide as follows:

"Sec. 1. That all buildings and apartments, and all places, and the fixtures and movable contents thereof, used for purposes of lewdness, assignation, or prostitution, are hereby declared to be public nuisances, and may be abated as hereinafter provided. The owners, agents, and occupants of any such building, or apartment, or of any such place shall be deemed guilty of maintaining a public nuisance, and may be enjoined as hereinafter provided.

"Sec. 2. The State's attorney or any citizen of the county in which such a nuisance exists, may maintain a bill in equity, in the name of the People of the State of Illinois, perpetually to enjoin all persons from maintaining or permitting such nuisance, and to abate the same, and to enjoin the use of such building, or apartment, or such place for any purpose, for a period of one year. Upon the filing of a verified petition therefor, in any court of competent jurisdiction, the court in term time, or a judge in vacation, if satisfied that the nuisance complained of exists, shall allow a temporary writ of injunction, with bond, unless the petition is filed by the State's attorney, in such amount as the court may determine, enjoining the defendant from maintaining any such nuisance within the jurisdiction of the

court issuing such writ: *Provided,* that no such injunction shall issue, except on behalf of an owner or agent, unless it be made to appear to the satisfaction of the court that the owner or agent of such building or apartment or of such place, knew, or had been personally served with a notice signed by the petitioner, and provided that such notice has been served upon such owner or such agent of such building or apartment or place at lease (least) five days prior thereto, that such building or apartment or such place, specifically describing the same, was being so used, naming the date or dates of its being so used, and that such owner or agent had failed to abate such nuisance, or that upon diligent inquiry, such owner or agent could not be found within the United States for the service of such preliminary notice. The lessee, if any, of the building or apartment, or of the place shall be made a party defendant to such petition.

"Sec. 5. If the existence of the nuisance is established, the court shall enter a decree perpetually restraining all persons from maintaining or permitting such nuisance, and from using the building or apartment, or the place in which the same is maintained for any purpose for a period of one year thereafter, unless such decree is sooner vacated, as hereinafter provided, and perpetually restraining the defendant from maintaining any such nuisance within the jurisdiction of the court. While said decree remains in effect, such building or apartment, or such place shall be in the custody of the court. An order of abatement shall also issue as a part of such decree, which order shall direct the sheriff of the county to remove from such building or apartment, or such place all fixtures and movable property used in conducting or aiding or abetting such nuisance, and to sell the same in the manner provided by law for the sale of chattels under execution, and to close such building or apartment or such place against its use for any purpose, and to keep it closed for a period of one year unless sooner released as hereinafter provided: * * * *Provided,* that

289 — 30

no injunction shall issue against an owner, nor shall an order be entered requiring that any building or apartment, or any place be closed or kept closed, if it appears that such owner and his agent have in good faith endeavored to prevent such nuisance. Nothing in this act contained shall authorize any relief respecting any other apartment than that in which such a nuisance exists."

The quoted words from the original decree, "that the defendant Bee King be perpetually enjoined from maintaining any such nuisance within the jurisdiction of this court," clearly mean that plaintiff in error was by that decree enjoined from maintaining any other such nuisance within the jurisdiction of the court,—*i. e.*, from maintaining another house of prostitution, lewdness and assignation within the jurisdiction of the court. Both counsel clearly so construe those words in the decree. She did violate the injunction. That is undisputed. The court had jurisdiction of her person in that suit, and that is not disputed. The decree does not give any relief respecting any other apartment or place than the one in which the original nuisance was committed. The part of the original decree complained of is the enjoining of plaintiff in error, personally, from committing or carrying on any other such nuisance within the jurisdiction of the court. Section 5 of the act above quoted specifically gives the court the power and the jurisdiction to enjoin such a defendant, personally, from committing any other such a nuisance. This power and authority are given by the last clause of the first sentence of said section, which reads, "and perpetually restraining the defendant from maintaining any such nuisance within the jurisdiction of the court." This language clearly means that the court may perpetually restrain the defendant from maintaining any other such nuisance within the jurisdiction of the court. The second sentence of section 2 of the act above quoted clearly empowers the court, by the temporary writ of injunction, to enjoin the defendant from main-

taining any such nuisance within the jurisdiction of the court,—*i. e.,* to enjoin her from committing the original nuisance complained of and from committing any other such nuisance within the jurisdiction of the court. It is also clear that the word "defendant," as used in said sentences of the act, refers to the lessee or the party who is directly conducting the nuisance,—*i. e.,* the house or place of lewdness, assignation or prostitution. The court therefore proceeded exactly in accordance with the provisions of the statute, and its original decree was warranted in every particular by the facts and by the statute. There is no contention or suggestion in this entire record that the act is unconstitutional or invalid for any other reason.

There is no ground for the contention of plaintiff in error that the court was without jurisdiction or authority to enter its original decree enjoining her from committing or carrying on any other such nuisance within its jurisdiction. In the enactment of said statute the legislature has recognized the fact that the offense of conducting such nuisance is one that very greatly disturbs the peace and quiet of the neighborhood in which it exists, and is such a vice as corrupts public morals and annoys private families and endangers their reputation and standing. No vice is more dangerous and more detestable to the people of a law-abiding community. No vice or public offense is more difficult to eradicate and to prevent its again recurring by the acts of the same individual after being prosecuted for committing, and enjoined from committing, the offense at a particular apartment or building. The legislature has thought it wise not only to declare such offense criminal and punishable by fine and imprisonment, but has also considered it necessary to declare by statute that such places are nuisances *per se,* and to give the people the remedy aforesaid by injunction to not only enjoin and close the premises for one year, but to also empower the court to enjoin the party who is directly carrying on such a nuisance

from conducting any other such nuisance at any other place within the jurisdiction of the court. It is wholesome legislation.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*