# The People of the State of Illinois ex rel. Robert E. Crowe, State's Attorney, Appellee, v. Louis Lipschultz et al., on appeal of Jeanette Keithly, Appellant.

## Gen. No. 30,463.

1. EQUITY—*when objection to want of replication too late.* An objection to the taking of evidence in support of a bill, based upon the ground that no replication has been filed, comes too late where first made when the case is reached for trial.

2. EQUITY—*waiver of objection based upon absence of replication by subsequent participation in introduction of evidence.* Where the answer to a bill was not made under oath and was filed without notice, and defendant, after his objection to proceeding with the trial, on the ground that no replication had been filed, was overruled, participated therein by offering evidence, defendant could not be heard to complain, on appeal, of the want of a formal replication, especially where, in course of the trial, complainant, by leave of court, amended his bill and defendant answered, but did not then object because a replication was not thereafter filed.

3. PROSTITUTION AND PANDERING—*sufficiency of service of notice preliminary to injunction abating premises as nuisance.* There was a sufficient compliance with the requirement of Cahill's St. ch. 38, ¶ 149, providing for personal service of a preliminary notice upon the owner of premises upon which a house of ill-fame is sought to be abated as a nuisance, to give jurisdiction to issue a preliminary injunction, although such owner was not personally served, where the evidence showed that a diligent but unsuccessful effort was made to locate such owner, and counsel who entered her appearance testified that he did not know where she could be found, it being obvious from the evidence that such owner was purposely keeping her whereabouts unknown.

4. PROSTITUTION AND PANDERING—*when joinder of alleged tenants of premises used as house of ill-fame not prerequisite to decree against owner.* Where the evidence in support of a bill to abate as a nuisance premises upon which a house of ill-fame was being conducted warranted the finding of the court that the owner of such premises knew that they were being so used, a decree abating such nuisance pursuant to Cahill's St. ch. 38, ¶ 152, was warranted, notwithstanding alleged tenants of such premises were not made parties to the suit, where the evidence showed diligent but unavailing efforts by complainant to ascertain who was conducting such house

of ill-fame, and did not clearly show that the premises were in fact under lease to anyone.

5. APPEAL AND ERROR—*waiver of right to appeal from decree abating premises as nuisance by filing statutory bond to procure partial vacation of decree.* The fact that one whose premises have been closed by a decree under the act for abatement of houses of ill-fame, Cahill's St. ch. 38, ¶ 148 *et seq.,* has filed a bond as provided by paragraph 155 thereof to procure a partial vacation of the decree, does not preclude him from contesting on appeal that part of the decree finding the place to be a nuisance subject to abatement under such act.

Appeal by defendant from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Affirmed. Opinion filed May 5, 1926.

JOHN H. BUCK and RANKIN & LUSTFIELD, for appellant; ODE L. RANKIN, of counsel.

ROBERT E. CROWE, State's Attorney, for appellee; FRANK PESKA, Assistant State's Attorney, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant seeks to reverse a decree entered against her in the circuit court of Cook county on the 16th of July, 1925, the decree having been entered in the suit brought under the act of June 22, 1915, Cahill's St. ch. 38, ¶ 148 *et seq.,* known as the Abatement Act.

On March 18, 1925, the people on the relation of the State's attorney of Cook county filed a bill against Louis Lipschultz and the defendant Jeanette Keithly, wherein it was alleged that certain premises known as the Harlem Tavern and located at No. 4225 Harlem Avenue in Stickney, Cook county, Illinois, had been used during the period from July 30, 1924, to the date of the filing of the bill, for the purposes of lewdness, assignation and prostitution, contrary to the provisions of the Act of June 22, 1915, that on the 20th of

October, 1924, a formal notice required by the statute was served on the defendant Lipschultz, advising him that the property was being used in violation of the statute; that since the service of that notice the nuisance had not been abated, but on the contrary, the premises were still being used in violation of the statute. It was further alleged that Lipschultz owned the premises and that the defendant Keithly had some interest in the property, the exact nature of which was unknown to the State's attorney, and that the whereabouts of Keithly was also unknown and upon diligent inquiry, could not be ascertained; that the premises were in possession of some unknown persons whose names could not be ascertained. Lipschultz, Keithly and the unknown tenants were made parties defendant and the prayer of the bill was that the defendants be required to answer, but not under oath, the answer under oath being expressly waived, and that the persons having control and management of the premises be perpetually enjoined and restrained from maintaining or permitting the nuisance upon the premises and that the premises be closed for one year and the furniture sold, as provided by law. A summons was issued against the defendants, but it was returned not found by the sheriff, he being unable to find any of the defendants.

On May 9, 1925, Lipschultz and Keithly filed a joint and several answer wherein Lipschultz denied that he owned the premises; that they had been used contrary to the statute and that a formal notice was served on him on the 20th of October, 1924. Both defendants denied that they knew anything about the conduct of the premises and the defendant Keithly denied that she had any interest in them. The case went to trial before the chancellor on the 23rd of June, 1925, and during the progress of the trial, on June 26, 1925, complainant, by leave of court, amended the bill of complaint and set up that on the 24th of December, 1924,

the defendant, Lipschultz and his wife conveyed the premises by warranty deed to William Lewis, who thereafter on the 7th of January, 1925, conveyed the premises to the defendant Keithly. It was further alleged that the whereabouts of the defendant, Keithly, "in any part of the United States is unknown to your relator," and that upon diligent search and inquiry, her present whereabouts could not be ascertained. On the same day Lipschultz and Keithly filed a joint and several answer to the amendment wherein Keithly admitted that she was the owner of the premises described, but denied that she had any knowledge of the improper use of the premises, except as alleged in the bill and denied that she ever conducted any business on the premises, but averred that the premises were rented and occupied by one Frank Smith. During the trial the suit was dismissed on motion of the complainant as to the defendant Lipschultz and the unknown tenants so that the only defendant that remained was Jeanette Keithly.

On July 16, 1925, after hearing the evidence, the chancellor entered a decree, wherein it was found that the material allegations of the bill were true and proved; that service of summons had not been had on the defendant, Keithly, but that her appearance had been entered by her solicitor. The court then found that the notice required by section 2 [Cahill's St. ch. 38, ¶ 149] of the act had been served on Lipschultz; that the premises in question had been used for the purposes of lewdness, assignation and prostitution and that the defendants had wholly failed to abate the nuisance. The court further found that diligent search had been made to ascertain the whereabouts of the defendant, Keithly, within the United States, but without success; that the defendant, Keithly, knew prior to the filing of the bill that the premises in question were being used for the purposes of prostitution and that she wholly failed to abate the nuisance; that the prem-

ises were used for such purpose in an open and notorious manner and was common knowledge to the public; that the general reputation of the place for a long period of time preceding the filing of the suit was bad and known to be a place where prostitution was practiced and permitted. It was decreed that the defendant Keithly and all other persons be perpetually restrained by the writ of injunction from maintaining or permitting such nuisance in the premises in question and that the premises remain in the custody of the court for one year; that the sheriff sell the furniture in the premises and close the premises for a period of one year. From the decree the defendant, Keithly, prayed and was allowed an appeal. On July 24, 1925, she filed her abatement bond in accordance with the provisions of section 8 [Cahill's St. ch. 38, ¶ 155] of the act in question and four days later filed her appeal bond, perfecting her appeal to this court.

A great deal of evidence was offered on behalf of the relator, tending to show that the premises in question had been openly and notoriously used for prostitution purposes prior to and subsequent to the filing of the bill. Some argument is made by counsel for the defendant in the brief to the effect that the evidence fails to show that the premises in question were used for the purpose of prostitution contrary to the statute, but on the oral argument, this position was practically abandoned by counsel for the defendant and indeed the evidence is so overwhelming that it shows beyond all reasonable doubt that the premises were used openly and notoriously contrary to the statute and no legitimate argument could be made to the contrary.

When the case was reached for trial counsel for the defendant called the attention of the court to the fact that no replication had been filed, and, therefore, it was improper to proceed with the trial of the case and that the averments of the answer should be taken as

true. The court stated that no replication was necessary and proceeded with the trial and thereafter both parties introduced evidence. The defendant now contends that the action of the court was erroneous, because section 29 of the Chancery Act [Cahill's St. ch. 22, ¶ 29] provides that after a replication is filed, the cause shall be deemed at issue and stand for hearing, or in default of filing such replication, the cause may be set for hearing upon bill and answer in which case the answer shall be taken as true and no evidence shall be received. We think it was too late to raise the question upon the trial. Section 28 of the Chancery Act [Cahill's St. ch. 22, ¶ 28] provides that a replication shall be filed within four days after a notice has been given that an answer has been filed. No such notice was given. Moreover, during the trial, complainant, by leave of court, amended the bill and the defendant answered and no question was then raised that a replication was not thereafter filed. The answer was not under oath. It, therefore, amounted to no more than an ordinary pleading at law against which the complainant was at liberty to prove his case as in an action was offered by both sides. *Trenchard v. Trenchard,* at law. *Chambers v. Rowe,* 36 Ill. 171. Furthermore, the case was not heard upon bill and answer, but evidence was offered by both sides. *Trenchard v. Trenchard,* 151 Ill. App. 215. In these circumstances the defendant will not now be heard to complain that a formal replication was not filed.

Defendant further contends that the notice required by section 2 of the Abatement Act [Cahill's St. ch. 38, ¶ 149] was not given to the owner of the premises, Jeanette Keithly, and, therefore, the court was without authority to enter the decree. Section 2 of the Abatement Act provides for the giving of a notice prior to the issuance of a temporary injunction to restrain the nuisance. It further provides that such notice should be served upon the owner or agent five days before ap-

plication is made for such temporary restraining order, but that this is not necessary where it appears that diligent inquiry has been made to ascertain the whereabouts of such owner, without success. The evidence discloses that a search was made for Jeanette Keithly, but that her whereabouts was unknown; directories were searched and an investigation was made at the premises in question and in the surrounding neighborhood and her whereabouts could not be ascertained. Moreover, during the trial counsel for the defendant was called as a witness for complainant and he testified that he had entered her appearance, but had not seen her and did not know where she could be found. In these circumstances, we think the requirements of the statute were fully met. It is obvious from a reading of the evidence that the defendant, Jeanette Keithly, was purposely keeping her whereabouts unknown. Complaint is also made that the lessees or tenants were not made parties defendant, and the defendants offered evidence tending to show that the premises in question were leased and were being conducted by one Frank Smith; that he had obtained a retail beverage license from the village of Stickney to conduct the business of a retail beverage dealer from July 1, 1924, to April 30, 1925, in the village of Stickney. The place where the business is to be conducted is not specified. A witness for the defendant testified that he was employed by Frank Smith as a bartender, but upon examination he did not know where Smith could be found, other than that he was conducting a summer resort some place in Michigan. The evidence further shows that a number of investigators, on behalf of the complainants, called at the place of business, but were unable to obtain any information as to who was conducting the business. It is perfectly apparent that the owner Keithly and the person who was conducting the premises whether Keithly or somebody else, were keeping under cover. In these circum-

stances, we think the court was fully warranted in finding that Jeanette Keithly knew that the premises were being used for the purpose of prostitution and, therefore, the decree was warranted, it not being clearly shown that there was a tenant occupying the premises.

We have passed on the merits of the case, but counsel for the relator contends that the defendant is not in a position to question the decree, because after the decree was entered, the defendant under the statute filed a bond, which prevented the closing of the premises for one year as the decree provided, and that the defendant having accepted the benefits of the decree, she is now estopped from questioning it here. We are unable to concur with this contention. Section 8 of the Abatement Act [Cahill's St. ch. 38, ¶ 155] provides that after a decree has been entered finding the place to be a nuisance within the meaning of the statute and decreeing that the building be closed for one year, the owner may file a bond with sureties to be approved by the clerk in a sum of not less than $1,000 nor more than $5,000, conditioned that the owner will immediately abate such nuisance and prevent such a nuisance from being established or maintained in the premises during a period of one year and, in that event, the court shall vacate that part of the decree ordering that the building be closed. In this case such bond was filed, but we think this ought not to prevent the defendant from questioning the decree, which finds the place to be a public nuisance contrary to the provisions of the statute. If the court has been in error in finding the place to be a nuisance, the defendant ought to have this corrected in a court of review, and this too without having the premises closed for a year. The proceeding is entirely statutory and we think a careful reading of the entire act warrants the construction we have placed upon it.

For the reasons given, the decree of the circuit court of Cook county is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.