CHICAGO—FIRST DISTRICT—DECEMBER, 1926.    31

People ex rel. Crowe v. Kohn, 243 Ill. App. 31.

# The People of the State of Illinois ex rel. Robert E. Crowe, State's Attorney of Cook County, Illinois, Appellee, v. Harry D. Kohn et al., on appeal of Richard C. Hunter and Claudia Hunter, Appellants.

## Gen. No. 31,127.

1. NUISANCES—*who not entitled to notice of abatement proceedings.* Under Cahill's St. ch. 38, ¶ 148, providing for notice of abatement proceedings to owners of premises claimed to be used for assignation, no notice is required to be given to occupants holding such premises under a lease.

2. NUISANCES—*sufficiency of verification of petition for temporary injunction.* Under Cahill's St. ch. 38, ¶ 149, providing temporary injunction against houses of assignation on sworn petition, affidavit by solicitor verifying petition by stating that he knows the contents of the petition and that same is true in substance and in fact satisfies the statute requirement for a verified petition.

3. NUISANCES—*sufficiency of service of notice in abatement proceedings.* Under Cahill's St. ch. 69, ¶ 3, permitting injunction to issue without notice where otherwise rights of complainant would be unduly prejudiced, notices in an abatement proceeding against a disorderly house, left by the server with a woman claimed to have charge of the premises, were sufficient.

4. HARMLESS ERROR—*when consideration of affidavits in support of temporary injunction petition is.* The consideration by the court of affidavits filed in support of a petition for a temporary injunction in proceedings to abate a disorderly house is immaterial where the bill and petition in themselves constitute a sufficient basis for the issuance of a temporary injunction order.

5. NUISANCES—*validity of temporary injunction order.* Under Cahill's St. ch. 38, ¶ 149, a court order in abatement proceedings against a disorderly house following substantially the words of the statute in "enjoining the defendant from maintaining any such nuisance within the jurisdiction of the court issuing the writ" is valid though enjoining the defendants elsewhere than the premises where the acts were done.

Interlocutory appeal by defendants from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed December 29, 1926.

ADOLPH MARKS, for appellants.

ROBERT E. CROW, State's Attorney, for appellee; FRANK PESKA, Assistant State's Attorney, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal by Richard C. Hunter and Claudia C. Hunter, alias Claudia Woods, from an interlocutory order entered by the circuit court of Cook county, enjoining the defendants, Harry D. Kohn, Edwin D. Kohn, Richard C. Hunter and Claudia C. Hunter, alias Claudia Woods, from keeping, maintaining, or permitting certain premises to be used for purposes of lewdness, assignation and prostitution.

The proceedings were instituted under the provisions of an act entitled, "AN ACT regarding places used for purposes of lewdness, assignation or prostitution, to declare the same to be public nuisances, and to provide for the more effectual suppression thereof." (Cahill's St. ch. 38, ¶ 148 *et seq.*)

On February 5, 1926, a bill in equity was filed by the People of the State of Illinois on the relation of Robert E. Crowe, State's Attorney of Cook county, under the authority of section 2 of the act [Cahill's St. ch. 38, ¶ 149] against all of the defendants above-mentioned.

The material allegations of the bill are as follows: That the defendants, Harry D. Kohn and Edwin D. Kohn are the owners of the property in question, known as 3340-42 Michigan Avenue, Chicago; that the defendants, Richard C. Hunter and Claudia C. Hunter are in possession and occupants of the building on said premises under the terms of a certain contract of purchase from the Kohns; that since February 5, 1925, and the date of the filing of the bill, the premises have been continuously used in violation of section 1 of the act [Cahill's St. ch. 38, ¶ 148] above

referred to, and have been used by the defendants throughout said period of time for the purposes of lewdness, assignation and prostitution, and have been throughout said period of time, and are, a public nuisance; that on various dates from February 5, 1925, to December 19, 1925, unescorted women of immoral character have been permitted to be in said premises, and to indulge in and practice lewdness and prostitution; that the general reputation of the premises from February 5, 1925, down to the filing of the bill has been that of a place where lewdness, licentiousness, assignation and prostitution were practiced and permitted; that on September 4, 1925, there was served on the defendants, Harry D. Kohn and Edwin D. Kohn, a notice that the premises had been used on certain dates therein set forth for the purposes of lewdness, assignation and prostitution, in violation of the statutes of the State of Illinois; that since the service of said notice upon the defendants, they have failed to abate the said nuisance, as required by law, within five days, and that the premises have been, since the service of said notice, and prior to the filing of the bill in equity, used for the purposes of lewdness, assignation and prostitution; that upon the property in question there is a building in which the defendants operated, and still operate, a common, ill-governed, disorderly house, given to the encouragement of idleness, lewdness, licentiousness and lascivious conduct, and a place where lewd, depraved and immoral women constantly go, and where they solicit men to acts of prostitution; that all of said acts were done for several months last past and up to the time of filing the bill, with the knowledge, consent and permission of the defendants, Richard C. Hunter and Claudia C. Hunter, alias Claudia Woods; that the conduct of the premises in the manner above-mentioned has attracted to the premises many criminals and dissolute men and women, and many minors of tender years, and has

brought about a general state of lewdness, dissipation and debauchery in and about said premises; that the continuance of said place, as above described has resulted in irreparable injury to the People of County of Cook; that by reason thereof the morals of the citizens of the community have been lowered and contempt of the courts brought about; that if the defendants are allowed to continue to occupy said place as above described, the reputation of the community for nonenforcement of law and order will check its growth and development by keeping and driving away law-abiding people desiring to become residents in the community; that by reason of what has been done in the premises, as above set forth, the property of the citizens residing in the vicinity of said building has deteriorated in value; that the building and business carried on therein is a common nuisance of great injury to the public, which injury is irreparable and cannot be compensated in damages; that the rights of the complainant will be prejudiced unless a temporary writ of injunction be immediately issued.

The bill prayed that the Kohns and the Hunters be made parties defendant, and that they be perpetually enjoined and restrained from maintaining or permitting such nuisance.

On February 11, 1926, a notice was served on Richard C. Hunter and Claudia C. Hunter, that on February 16, 1926, the State's attorney would move for a temporary injunction, in accordance with the prayer of the petition of the complainant, a copy of which petition was served with the notice. Service of the notice on Richard C. Hunter and Claudia C. Hunter was by affidavit of one William Davern. In that affidavit he set up that he served them by leaving true copies, together with the affidavits and petition therein referred to, with one May Winters, who had charge of the residence owned and operated by the said Richard C. Hunter and Claudia C. Hunter, the said Richard

People ex rel. Crowe v. Kohn, 243 Ill. App. 31.

C. Hunter and Claudia C. Hunter being absent from the residence at the time the notice was served. The service of the notice on Harry D. Kohn and Edwin D. Kohn was set forth in an affidavit by the same William Davern, to the effect that they were residents of the State of New York, and that E. Lowenstein, an attorney in Chicago, "has been duly authorized to take charge of the above entitled cause, and that a copy of the foregoing notice has been served" upon him, together with the affidavits and petition.

On February 16, 1926, the petition, together with the notices, was filed. The facts alleged in the petition, which are additional to those set up in the bill, are as follows: That since the personal service of notice upon the defendants, Harry D. Kohn and Edwin D. Kohn, owners of the premises, they have failed to abate the nuisance caused by the use of the property for the purposes above described.

On February 16, 1926, the complainant filed four affidavits, in which it was represented that on August 3, August 22, September 4 and 5, and December 19, 1925, the premises were used for purposes of prostitution.

On February 16, 1926, upon reading the bill of complaint, the petition for an injunction, and the accompanying affidavits, the chancellor entered an order that a writ of injunction issue enjoining and restraining Harry D. Kohn, Edwin D. Kohn, Richard C. Hunter and Claudia C. Hunter, alias Claudia Woods, their attorneys, solicitors, agents and servants, from keeping, maintaining and permitting to be practiced in the premises in question any acts of lewdness, and from using or permitting to be used the said premises for any unlawful purpose, and that Harry D. Kohn, Edwin D. Kohn, Richard C. Hunter and Claudia C. hunter, alias Claudia Woods, defendants, desist and refrain from maintaining any such nuisance, in any other building or buildings, or on any other premises

within the jurisdiction of the court until the further order of the court.

As grounds for reversal, it is contended for the defendants, Richard C. Hunter and Claudia C. Hunter, (1) that no notice was given to them five days prior to the filing of the bill by the complainant, as provided for in the Abatement Statute [Cahill's St. ch. 1]; (2) that the petition was insufficient, not properly signed, and its material allegations not verified; (3) that the proper notice was not given for the application of a temporary injunction; (4) that the court erred in considering the affidavits filed by the complainant in support of the petition for a temporary injunction; and (5) that the temporary writ of injunction is void because it undertakes to enjoin the defendants throughout the whole jurisdiction of the court.

(1)   As to the notice.   The bill of complaint sets up that Harry D. Kohn and Edwin D. Kohn "are the owners" of the property in question; and it states concerning the defendants, Richard C. Hunter and Claudia C. Hunter, that they "are in possession and occupants of the building upon said premises under the terms of a certain contract of purchase from the said owners." Section 1 of the act provides [Cahill's St. ch. 38, ¶ 148]: "That all buildings and apartments * * * used for purposes of lewdness, assignation, or prostitution, are hereby declared to be public nuisances, and may be abated as hereinafter provided. The owners, agents, and occupants of any such building * * * shall be deemed guilty of maintaining a public nuisance, and may be enjoined as hereinafter provided."

Section 2 [Cahill's St. ch. 38, ¶ 149] provides that the State's attorney, or any citizen of the county in which such nuisance exists, may maintain a bill in equity in the name of the People for a perpetual injunction and to abate the nuisance, and to enjoin the

use of the building for a period of five years. It also provides that, upon the filing of a verified petition, the court "if satisfied that the nuisance complained of exists, shall allow · a temporary writ of injunction, * * * enjoining the defendant from maintaining any such nuisance." It then provides that no injunction shall issue "except on behalf of an owner or agent, unless it be made to appear to the satisfaction of the court that the owner or agent of such building or apartment or of such place, knew or had been personally served with a notice signed by the petitioner: And, *provided*, that such notice has been served upon such owner or such agent * * * at least five days prior thereto, that such building or apartment or such place, specifically describing the same, was being so used, naming the date or dates of its being so used, and that such owner or agent had failed to abate such nuisance, or that upon diligent inquiry such owner or agent could not be found within the United States for the service of such preliminary notice."

In view of the fact that the bill charges that the Kohns are the owners of the property, and that the Hunters were merely in possession and occupants under a contract of purchase, it follows that the Hunters do not come within the provisions of section 2 [Cahill's St. ch. 38, ¶ 149] in regard to notice. The Kohns are not here complaining. *People ex rel. Thrasher v. Eisenberg*, 202 Ill. App. 63. There is nothing in the statute requiring that a 5-day notice, or any notice be served upon the occupants who are not owners. The word "occupant" is not used in section 2. Under the statute, the only ones entitled to notice are owners and agents, where they have no knowledge of the situation. The bill of complaint alleges, not only that the Hunters were in possession and occupied the premises, but that all the acts complained of "were done by and with the knowledge, consent and permission of the defendants, Richard C. Hunter and Claudia C. Hunter, alias

Claudia Woods, for the several months last past and up to the time of the filing of this bill in equity''; and the petition, which was considered by the court at the time the temporary injunction was issued, charges that the Hunters used the premises for purposes of lewdness, etc., on certain specific dates, reciting them, up to the time of the filing of the petition. Further, in addition to the allegations of the bill of complaint, and the petition, knowledge on the part of the Hunters, as to the nuisance complained of, was represented to the chancellor by certain affidavits which were read in support of the petition. In our judgment, there is no doubt but that the chancellor was justified in issuing a temporary injunction without evidence that a 5-day notice had been served on the Hunters. It is quite reasonable to assume, from the language of the statute, that the legislature provided that notice should be given to the owners or agents, because in many instances the owners or agents do not reside upon the premises, and it would be unreasonable to authorize the issuance of a temporary injunction without giving the owner or agent an opportunity, voluntarily, to abate a nuisance they may formerly have had no knowledge of. On the other hand, it would be, obviously, without reason or purpose to require notice to be given to the occupants who must of necessity have knowledge of the condition of the premises.

(2)   As to the allegations, signature and verification of the petition. Section 2 [Cahill's St. ch. 38, ¶ 149] provides: "Upon the filing of a verified petition therefor, * * * the court * * *, if satisfied that the nuisance complained of exists, shall allow a temporary writ of injunction, * * * enjoining the defendant from maintaining any such nuisance within the jurisdiction of the court issuing such writ." The petition in this case contained the following signature, "People of the State of Illinois, ex rel. Robert E. Crowe, State's Attorney, by Frank Peska, Peti-

tioner.'' The verification is as follows: ''Frank Peska, being first duly sworn, upon his oath deposes and says that he has read the above and foregoing petition by him subscribed, and knows the contents thereof, and that the same is true in substance and in fact.'' It is signed by Frank Peska, and subscribed and sworn to on February 16, 1926, before Thomas O. Wallace, clerk of the court. The allegations of the bill of complaint are made a part of the petition by reference. We see no substantial objection to the petition as a basis for the order which the court entered. It is urged for the defendant that Peska does not allege in the petition that he had any knowledge of the matter other than that he signed as solicitor for the petitioner. The statement, under oath, by Peska, that he knows the contents of the petition, and that the same is true in substance and in fact, we think, is a full and complete verification, and satisfies all the requirements of the statute as to the filing of a verified petition. It was not necessary that the petition should recite that any notice had been given, for, as we have said above, no notice to the occupants was necessary.

(3) Was proper notice given for the application of a temporary injunction? Section 2 [Cahill's St. ch. 38, ¶ 149] provides, as stated above, that ''Upon the filing of a verified petition therefor, * * * the court * * *, if satisfied that the nuisance complained of exists, shall allow a temporary writ of injunction,'' and section 3, of chapter 69 of the Statute on Injunctions [Cahill's St. ch. 69, ¶ 3], provides that ''no court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not is-

sued immediately or without such notice." Considering, therefore, that section 2 [Cahill's St. ch. 69, ¶ 2] gives the court authority to issue a temporary writ of injunction if satisfied that the nuisance complained of exists, and section 3 of chapter 69 on Injunctions permits an injunction to issue without notice, where it appears that otherwise the rights of the complainant would be unduly prejudiced, it follows, in our judgment, that the notices served by Davern, and set up above, were good and sufficient.

(4) Did the court err in considering the affidavits filed by the complainant in support of the petition for a temporary injunction? An examination of the bill and the petition shows that they are in and of themselves sufficient to form the basis of a temporary injunction order, and that the affidavits which were read were unnecessary. The affidavits, in our judgment, were merely superfluous.

(5) It is urged that the order is erroneous because it enjoins the defendants not only as to the premises in question, but as to "any other premises within the jurisdiction of the court." That objection is untenable. The words of the statute are that the court shall allow a temporary writ of injunction "enjoining the defendant from maintaining any such nuisance within the jurisdiction of the court issuing such writ." The order, therefore, follows substantially the text of the statute.

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.