The People of the State of Illinois ex rel. Robert E. Crowe, State's Attorney of Cook County, Illinois, Appellee, v. Emma Ludwig, Appellant.

Gen. No. 34,285.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed July 7, 1930.

ADOLPH MARKS, for appellant.

JOHN A. SWANSON, State's Attorney, for appellee; EDGAR B. ELDER, Assistant State's Attorney, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

The only defendant named in the bill of complaint as amended was Emma Ludwig, alias Vic Shaw. After the master took the evidence and made up his report recommending a decree as prayed for in the bill, a decree was entered overruling exceptions to the master's report and enjoining the defendant from maintaining or permitting the use of the premises known as 2904 Prairie Avenue, Chicago, for the purpose of lewdness, assignation or prostitution, and she was perpetually enjoined from using or permitting the use of the building for such purposes, the premises were ordered closed for one year and the sheriff ordered to sell all fixtures and movable property in accordance with section 5 of the Abatement Act in the Criminal Code, Cahill's 1929 St. ch. 38, ¶¶ 148–158.

The defendant contends that her exceptions to the master's report should have been sustained for the reason that it was error to admit in evidence, over her objection, statements and conversation made by investigators, police officers and the inmates of the premises out of the hearing of defendant. We think there is no merit in this contention. *People v. Arcega,* 49 Cal. App. 239; *State v. Toombs,* 79 Iowa 741; *State v. Littman & Weinfeld,* 86 N. J. L. 453; *People v. Claffy,* 95 N. Y. Misc. 400. These authorities all hold that statements of inmates of houses of prostitution are admissible as tending to show the defendant's knowledge of the disorderly character of the place.

The defendant further contends that she and several of the inmates were arrested and charges made against them in the municipal court involving the same charges that are made in the bill in the instant case, and that upon a full hearing in the municipal court the defendant and all of the defendants in the municipal court proceedings were discharged and that the judgments entered in those cases are *res adjudicata* of

the questions involved here. The proceeding involved in the instant case is civil, while those in the municipal court were criminal in character. It has been repeatedly held in cases similar to the one before us that the finding of not guilty of the criminal charge is not *res adjudicata* where the proceeding is brought to abate the nuisance. *Murphy v. United States*, 272 U. S. 630; *Stone v. United States*, 167 U. S. 178; *State v. Roach*, 83 Kan. 606.

A further point is made that the notice required by section 2 of the Abatement Act in the Criminal Code, Cahill's St. ch. 38, ¶ 149, was not given the defendant; but we have heretofore held that in a proceeding brought under the Abatement Act no notice is required to be given to the owner of the premises when the owner is maintaining and conducting the nuisance in the premises. *People ex rel. Crowe v. Kohn*, 243 Ill. App. 31. .

A further point is made that there was no evidence in the record tending to show that the premises were used as a house of prostitution. We have considered all the evidence in the record and are clearly of the opinion that there was ample evidence to warrant the finding of the master and the chancellor.

It is finally contended that the court erred in admitting evidence of acts occurring after the filing of the bill. No authority is cited by either side on this proposition, but even if we assumed that the evidence complained of should have been excluded, an examination of the record discloses the fact that there was sufficient evidence of acts occurring before the filing of the bill to warrant the decree.

The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

Matchett, P. J., and McSurely, J., concur.